UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RACHAEL LYNN BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-274-HAB-SLC |
| ASHLEY SWAGER, | |
| Defendant. | |

OPINION AND ORDER

Rachael Lynn Brown, a prisoner without a lawyer, filed a complaint against Officer Ashley Swager because she required Brown to wipe up the blood of an inmate believed to have acquired immunodeficiency syndrome. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brown states that she could have filed a grievance, but she did not do so because "I was afraid of being mistreated or fired from being a trustee." ECF 1 at 4. However, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Brown has not identified any affirmative misconduct on the part of jail officials which prevented her from filing a grievance. Rather, she merely speculates she might have suffered retaliation. Her *feeling* that she would *worry* about retaliation is not a basis for refusing to file a grievance. "[Sh]e had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535. In this complaint Brown admits she did not exhaust his administrative remedies before filing suit.

Nevertheless, it is possible she may have some reason other than his personal feelings and worries which would justify her refusal to file a grievance. If she has such

2

additional facts, she may file an amended complaint. *See Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013). If she has no additional facts, it would be futile for her to file an amended complaint.

For these reasons, the court:

(1) GRANTS Rachael Lynn Brown until **December 2, 2022**, to file an amended complaint containing additional facts; and

(2) CAUTIONS Rachael Lynn Brown that, if she does not respond by the deadline, this case will be dismissed without prejudice, but without further notice because she has not exhausted his administrative remedies before filing this lawsuit.

SO ORDERED on November 2, 2022.

s/Holly A. Brady<br>
JUDGE HOLLY A. BRADY<br>
UNITED STATES DISTRICT COURT