UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RACHAEL LYNN BROWN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-274-HAB-SLC |
| ASHLEY SWAGER, | |
| Defendant. | |

OPINION AND ORDER

Rachael Lynn Brown, a prisoner without a lawyer, filed a complaint against Officer Ashley Swager because she required Brown to wipe up the blood of an inmate believed to have acquired immunodeficiency syndrome. ECF 1. The complaint was screened pursuant to 28 U.S.C. § 1915A (ECF 9), and the court explained that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The court further explained that "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir.

1992) (citations omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)

Brown admitted in her complaint that she did not exhaust her administrative remedies. Brown acknowledged that she could have filed a grievance, but she did not do so because she "was afraid of being mistreated or fired from being a trustee." ECF 1 at 4. She did not identify any affirmative misconduct on the part of jail officials which prevented her from filing a grievance. Rather, she merely speculated she might have suffered retaliation. Her *feeling* that she would *worry* about retaliation is not a basis for refusing to file a grievance. "[Sh]e had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez*, 182 F.3d at 536 ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

Even though Brown admitted she did not exhaust his administrative remedies before filing suit, she was granted an opportunity to file an amended complaint. The court noted that it was possible she may have some reason other than his personal feelings and worries which would justify her refusal to file a grievance. However, the court also explained that, if she has no additional facts, it would be futile for her to file an amended complaint.

Brown has now filed her amended complaint. ECF 12. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

2

monetary relief against a defendant who is immune from such relief. The amended complaint does not include any additional facts that explain Brown's refusal to file a grievance. Brown has admitted she did not exhaust her administrative remedies and she has not alleged that she was prevented from doing so or provided any additional facts that would excuse her failure to exhaust the administrative remedies available to her.

For these reasons, this case is DISMISSED without prejudice because Brown has not exhausted his administrative remedies before filing this lawsuit.

SO ORDERED on December 12, 2022.

                                  s/ Holly A. Brady
                                  JUDGE HOLLY A. BRADY
                                  UNITED STATES DISTRICT COURT